**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**
**Denver**

AMGEN INC.;
IMMUNEX CORPORATION; and
AMGEN MANUFACTURING, LIMITED,

       Plaintiffs,

v.

COLORADO PRESCRIPTION
DRUG AFFORDABILITY REVIEW BOARD;
GAIL MIZNER, MD, in her official capacity as Chair of the
   Colorado Prescription Drug Affordability Review Board;
SAMI DIAB, MD, in his official capacity as a member of the
   Colorado Prescription Drug Affordability Review Board;
AMARYLIS GUTIERREZ, PharmD, in her official capacity as
   a member of the Colorado Prescription Drug Affordability
   Review Board;
CATHERINE HARSHBARGER, in her official capacity as a
   member of the Colorado Prescription Drug Affordability
   Review Board;
JAMES JUSTIN VANDENBERG, PharmD, in his official
   capacity as a member of the Colorado Prescription Drug
   Affordability Review Board;
MICHAEL CONWAY, in his official capacity as
   Commissioner of the Colorado Division of Insurance; and
PHILIP WEISER, in his official capacity as Attorney General
   of the State of Colorado,

       Defendants.

**Civil Action No.**
**1:24-cv-00810-NYW**

---

**JOINT MOTION TO ESTABLISH BRIEFING**
**SCHEDULE AND FOR RELATED RELIEF**

---

Pursuant to Federal Rule of Civil Procedure 7(b), plaintiffs Amgen Inc.,

Immunex Corporation ("Immunex"), and Amgen Manufacturing, Limited ("AML")

(collectively, "Plaintiffs") and defendants Colorado Prescription Drug Affordability Board, et al. (collectively, "Defendants") jointly move to establish a briefing schedule for this matter as described below:

1.      In February 2024, acting pursuant to Colo. Rev. Stat. § 10-16-1401 *et seq.* ("the Act"), members of the Colorado Prescription Drug Affordability Board voted to declare that "use of [Defendants' drug] Enbrel®, consistent with the labeling approved by the FDA or with standard medical practice, is unaffordable for Colorado consumers" and to "select Enbrel® for establishment of an Upper Payment Limit."

2.      On March 22, 2024, Plaintiffs filed this action seeking declaratory and injunctive relief with respect to the constitutionality of the Act.

3.      For the convenience of the Court and in an effort to streamline proceedings, the parties have conferred pursuant to Local Rule 7.1(a), including via telephone conference on April 9 and May 10, 2024, and agree that this case raises legal questions that may be properly resolved through dispositive motions, without the need for discovery or trial.  Accordingly, the parties intend to file cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56.

4.      The parties therefore respectfully request that the Court establish the following, agreed-upon schedule for summary judgment briefing:

- Defendants will file an answer and raise affirmative defenses to the Complaint by May 24, 2024.

- Plaintiffs will file their motion for summary judgment by June 24, 2024, not to exceed 40 pages.

- Defendants will file a combined cross-motion for summary judgment and opposition to Plaintiffs' motion by August 9, 2024, not to exceed 50 pages.

- Plaintiffs will file a combined reply in support of their motion and opposition to Defendants' cross-motion by September 6, 2024, not to exceed 30 pages.

- Defendants will file a reply in support of their cross-motion by October 4, 2024, not to exceed 20 pages.

5.      To avoid the need for Plaintiffs to seek emergency relief, and to ensure that the parties are heard on their respective positions before any upper payment limit on Enbrel® takes effect, the parties respectfully request that the Court schedule oral argument and issue a decision as promptly as possible after the conclusion of briefing. The Colorado Prescription Drug Affordability Board members have indicated an intent to begin upper payment limit rulemaking proceedings for Enbrel® in September, 2024. Any upper payment limit established by the Board would not take effect until at least six months after adoption of an upper payment limit rule. Colo. Rev. Stat. § 10-16-1407(5).

6.      The parties respectfully request that the Court allow each brief described above to exceed this Court's default page limitations as set forth above, in view of the nature of this case and consolidated briefing on two parallel motions.

7.      Because this case involves legal questions regarding the constitutionality of a statute, the parties further respectfully request that the Court dispense with (a) the requirement under Local Rule 56.1(a) that motions for summary

judgment be accompanied by separate statements of undisputed material facts, and (b) Defendants' obligation (if any) to prepare or file an administrative record.

8.      The parties do not believe that separate statements of undisputed material facts would serve a useful purpose in this matter.  To the extent the parties intend to reference any documents, they will submit them by attaching or linking to them in their briefs.   The parties reserve the right to object to any submitted documents.

9.      In light of their agreement on the proposed summary judgment briefing schedule set forth herein, the parties further respectfully request that the Court deem them to have satisfied their obligations under Federal Rule of Civil Procedure 26(f) and dispense with the requirement that they file a proposed Scheduling Order.

10.     There is good cause to grant the relief requested because the parties' joint proposal would conserve both the Court's and the parties' resources by consolidating all of the issues into a single round of briefing.

Date: May 16, 2024

Respectfully submitted,

/s/ *Abby Chestnut*                          /s/ *Ashley C. Parrish*

Russell D. Johnson                          Ashley C. Parrish
(Colorado Bar No. 48482)                     (D.C. Bar No. 464683)
Heather Flannery                            Paul Alessio Mezzina
(Colorado Bar No. 37795)                     (D.C. Bar No. 999325)
Abby Chestnut                               Kelly Nicole Reeves
(Colorado Bar No. 51189)                     (D.C. Bar No. 471923)
Pawan Nelson                                Brian A. Bohnenkamp
(Colorado Bar No. 49462)                     (D.C. Bar No. 982213)
Ralph L. Carr Colorado Judicial Center      Alexander Kazam
1300 Broadway, 8th Floor                     (D.C. Bar No. 1708188)
Denver, CO  80203                           KING & SPALDING LLP
720-508-6351 (Johnson)                      1700 Pennsylvania Ave NW, Suite 900
720-508-6387 (Flannery)                     Washington, DC 20006
720-508-6353 (Chestnut)                     Tel: (202) 737-0500
720-508-6578 (Nelson)                       aparrish@kslaw.com
Russell.Johnson@coag.gov                    pmezzina@kslaw.com
Heather.Flannery@coag.gov                   nreeves@kslaw.com
Abby.Chestnut@coag.gov                      bbohnenkamp@kslaw.com
Pawan.Nelson@coag.gov                       akazam@kslaw.com

*Counsel for Defendants*                     Cliff Stricklin
                                            (Colo. Bar No. 39725)
                                            KING & SPALDING LLP
                                            1401 Lawrence Street, Suite 1900
                                            Denver, CO 80202
                                            Tel: (720) 535-2300
                                            cstricklin@kslaw.com

                                            *Counsel for Plaintiffs*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this May 16, 2024, I electronically filed the foregoing JOINT MOTION TO ESTABLISH BRIEFING SCHEDULE AND FOR RELATED RELIEF with the Clerk of the Court using the CM/ECF system which will send notification of such filing to attorneys of record.

/s/ Ashley C. Parrish
Ashley C. Parrish

*Counsel for Plaintiffs*